IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                      21-CR-89-JLS

LUIS MARTINEZ,
a/k/a Noel, a/k/a Noelly

                       Defendant.

---

## NOTICE OF MOTION AND MOTION TO SCHEDULE A STATUS CONFERENCE TO ADDRESS POTENTIAL CONFLICTS

**PLEASE TAKE NOTICE**, that upon the Affirmation of Evan K. Glaberson, Assistant United States Attorney, the government moves this Court to schedule a status conference to address a potential attorney-client conflict and assign replacement counsel for LUIS MARTINEZ, and other relief as noted in the attached affirmation.

DATED: Buffalo, New York, July 5, 2023.

                                                      TRINI E. ROSS
                                                      United States Attorney

                      BY:    s/EVAN K. GLABERSON
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  Western District of New York
                                  138 Delaware Avenue
                                  Buffalo, New York  14202
                                  (716) 843-5871
                                  Evan.Glaberson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.                                                     21-CR-89-JLS

LUIS MARTINEZ,
a/k/a Noel, a/k/a Noelly

                             Defendant.

_____

**AFFIRMATION**

STATE OF NEW YORK  )
COUNTY OF ERIE      )    SS:
CITY OF BUFFALO    )

      **EVAN GLABERSON,** swears and affirms:

      1.     I am an Assistant United States Attorney for the Western District of New York and assigned to the above referenced matter. This affirmation is submitted in support of the government's motion to schedule a status conference to address a potential attorney-client conflict and assign replacement counsel for LUIS MARTINEZ. Additionally, the government moves for an order requiring the defendant and his attorney to attest that no additional protected material has been disseminated, and to the extent additional material has been disseminated, for an order to return any additional protected material.

2.      The government submits that there exists a potential conflict between the defendant, LUIS MARTINEZ, and his present counsel, Eric Soehnlein, Esq. As detailed below, the government has learned of the dissemination of certain materials provided only to counsel for MARTINEZ subject to the terms of a protective order prohibiting dissemination of the protected materials. (Doc. 72). Based on the defendant's unlawful possession and dissemination of these protected materials, the government anticipates moving this Court to consider imposing sentencing enhancements under both the U.S.S.G. and 18 U.S.C. §3553(a) at the sentencing hearing for defendant MARTINEZ currently scheduled for July 18, 2023. The government believes that the facts laid out below create the potential for an irresolvable attorney-client conflict between the defendant and his present attorney pursuant to New York Rules of Professional Conduct 1.7 and 1.16.

3.      Rule 1.7 addresses an attorney's conflict of interest with current clients. Rule 1.7(a) requires that a "lawyer shall not represent a client if a reasonable lawyer would conclude that … (1) the representation will involve the lawyer in representing differing interests; or (2) there is significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests." As described in detail below, the recovery of protected materials from both MARTINEZ's and another inmate's ("Inmate #2") jail cells at the Chautauqua County Jail creates a significant risk that counsel for MARTINEZ's judgment and ability to advocate for MARTINEZ will be adversely affected by counsel's personal interests in connection with the dissemination of protected materials in violation of the Protective Order.

4. Rule 1.16 addresses "terminating representation." Rule 1.16(b)(1) requires an attorney to withdraw from representation that the lawyer "knows or reasonable should know … will result in a violation of these Rules or of law." Rule 1.16(c) permits an attorney to withdraw from representation for thirteen enumerated reasons, including where "(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;" and "(3) the client has used the lawyer's services to perpetuate a crime of fraud." As detailed below, certain materials provided to counsel for MARTINEZ were disseminated to MARTINEZ at the Chautauqua County Jail in violation of the Protective Order. These materials were further disseminated by MARTINEZ to at least one other inmate and individuals outside of the jail. The dissemination of these protected materials likely requires or at least permits the counsel for MARTINEZ to withdraw from further representation of MARTINEZ.

5. Defendant LUIS MARTINEZ was originally charged with co-defendant SAMMY McKEITHAN in an indictment with drug trafficking and firearms offenses in May 2021. (Doc. 1). MARTINEZ was initially represented by the Federal Public Defender's office, and then by CJA Attorney Ian Harrington, Esq. On or about May 12, 2022, attorney Harrington filed a motion to withdraw as counsel and CJA attorney Eric Soehnlein, Esq. was appointed to represent MARTINEZ. (Docs. 47, 48). Mr. Soehnlein continues to represent MARTINEZ in this matter.

6. This matter was initially scheduled for trial to commence on December 6, 2022. (Doc 65). The Court issued a Pretrial Order requiring all government trial submissions be

filed on or before November 8, 2022, and encouraged the government to provide counsel with all "Jencks Act (18 U.S.C. §3500) Material" on the same date. (Id.)

7.   On November 3, 2022, counsel for MARTINEZ sent the undersigned an email that read: "We still don't have Jencks material, etc. When will we receive it? Thank you." As part of its reply, on November 4, 2022, the government sent an email to defense counsel inquiring "would you agree to the attached protective order to govern these materials?" On November 7, 2022, counsel for MARTINEZ agreed to the protective order, but requested certain edits concerning judicial review of redacted passages. The government agreed to the change and provided an amended draft for counsel to review.

8.   On November 8, 2022, this Court issued a Protective Order, ordering that "counsel for the defendants shall not make or provide copies for the defendants or any third-parties of 3500 material, Giglio/impeachment information, the government's pre-trial memorandum, witness list, and exhibit list." (Doc. 72). The protected materials were provided for defense counsel only, "solely for the purposes of trial preparation and trial." The Protective Order permitted counsel for the defendant to share with the defendant the "names of the witnesses appearing on the government's witness list … two-weeks prior to jury selection." (Id.). Finally, the Protective Order provided that counsel for the government would "endeavor to provide unredacted 3500 material and Giglio/impeachment material to defense counsel as expeditiously and as far in advance of trial as possible" with the proviso that witness safety concerns may permit redactions that counsel for the defendant could seek leave of the Court to challenge. (Id.).

9. On November 16, 2022, MARTINEZ was charged in a Superseding Indictment with various offenses, including narcotics conspiracy, possession with intent to distribute methamphetamine and cocaine, possession of firearms in furtherance of drug trafficking crimes, and other offenses. The matter was then scheduled for trial to commence on January 24, 2023. (Docket Entry 93).

10. Between late November 2022 and early January 2023, the government interviewed a cooperating defendant ("CD#3") with information directly probative of the charges contained in the Superseding Indictment against MARTINEZ. On December 12, 2022, the government informed counsel for MARTINEZ that the government would likely call CD#3 to testify at the January 24, 2023 trial, and that any 3500/Giglio material would be compiled and provided "subject to the terms of the existing protective order." On January 15, 2023, the government provided 3500/Giglio materials related to CD#3 to counsel for the defendant. Included within the CD#3 materials were an unredacted proffer report for CD3 from 11/29/2022, an unredacted proffer report for CD3 from 1/11/2023, and CD3's unredacted plea agreement. Each of these specific items contained CD3's full name and other personal identifying information. Counsel for MARTINEZ responded approximately nine minutes later acknowledging receipt of the materials but objecting to the timing of the disclosure relative to the trial date.

11. On January 5, 2023, defendant MARTINEZ, along with his attorney and a second attorney, participated in a reverse proffer. During the reverse proffer, the government presented a PowerPoint presentation to the defendant laying out the evidence that would be

presented at trial, including portions of grand jury testimony. During this reverse proffer, the government took care to redact or anonymize the sources of information and testimony to protect civilian and cooperating witnesses. At the conclusion of the reverse proffer, the undersigned articulated directly to MARTINEZ that he would face serious consequences if MARTINEZ contacted or directed others to contact any potential witness. Shortly after the reverse proffer concluded, the parties appeared in District Court for a status conference.

12.     On January 24, 2023, MARTINEZ appeared in District Court and entered a plea of guilty to a one-count Superseding Information pursuant to the terms of a written plea agreement. (Docs. 123, 124, 125). Sentencing is currently scheduled for July 18, 2023.

13.     Beginning in early May 2023, the government became aware of the dissemination of certain material and information covered by the protective order in this case. The government also learned that a government witness had been contacted as a result of the dissemination of these materials. The government sought and obtained search warrants authorizing searches of the person and jail cells of MARTINEZ and a second inmate ("Inmate #2"). A magistrate court authorized these search warrants on May 31, 2023 under 23-MJ-86-1 and 23-MJ-86-2. On June 5, 2023, the DEA employed agents unaffiliated with the case against MARTINEZ to execute the search warrants at the Chautauqua County Jail.[1]

---

[1] The DEA agents executing these warrants had no prior involvement with the MARTINEZ case. The agents searched for and seized materials identified in Attachment B of the search warrant. After seizure, the agents provided copies of the seized materials to a AUSA in the Asset Recovery Division to review the seized materials for information protected by potential attorney-client privilege. Once that review was completed, and any appropriate redactions performed, the materials were provided to the undersigned.

14. Investigators found the following materials[2] in MARTINEZ's cell, each of which is covered by the protective order:

    a. 3528A – Plea agreement with CD3 w/cooperation section
    b. 3528F – DEA 6: Proffer of CD3 on 11/29/2022
    c. 3538G – DEA 6: Proffer of CD3 on 1/11/2023
    d. 3523D – Proffer agreement with CD1
    e. 3523I – Plea agreement with CD1 w/cooperation section
    f. 3502A – 5/26/2021 Grand Jury Transcript,
    g. 3502H – 10/19/22 Grand Jury Transcript,
    h. 3502F – DEA-6 Reports dated:
        i. 3/24/2022 (DNA Swab Pickup)
        ii. 8/26/2020 (Narrative 6/5/20 SW & Arrest)
        iii. 9/29/2020 (Obtaining Martinez DNA Swab)
        iv. 3/1/2021 (Firearm Swab Pickup)
        v. 9/2/2021 (Arrest Warrant for Martinez)
        vi. 6/12/2020 (Summary 6/5/20 SW)
        vii. 1/12/2023 (CD#3 Proffer on 1/11/23)
        viii. 12/5/2023 (CD#3 Proffer on 11/29/22)

15. In addition to the protected materials listed above, law enforcement also found file folders in MARTINEZ's cell. The file folders contained printed labels affixed to the folder tabs. The folder labels for the cooperating witnesses bore handwritten markings indicting each witnesses true identity, which markings the government has redacted below. The labels bore the following printed markings:



(1) CD3,

(2) Det. Maggio – Jamestown PD,

(3) Cooperating Def. #1,

(4) Det. D. Weaver – Jamestown PD,

---

[2] The government filed an Amended Government's 3500 List under seal at Doc. 116.

(5) Cooperating Def. #2, 

(6) Andrew Farnham – ATF, _____.

16. Underneath the redactions above, on the file folders labeled "CD3," "Cooperating Def. #1," and "Cooperating Def. #2," there are handwritten notations adjacent to the printed lettering documenting the protected witnesses' true names. The folder labeled "Cooperating Def. #2" was empty and investigators did not find the contents of that folder in MARTINEZ' cell.

17. The protected materials in question had been provided to counsel for MARTINEZ prior to January 24, 2023, via USAfx, a cloud based secure file sharing system. The government did not provide printed copies of the protected materials, and did not create or provide the labels, or the file folders, recovered from MARTINEZ's cell.

18. Law enforcement also searched Inmate #2's jail cell on June 5, 2023. Law enforcement found and recovered copies of the unredacted CD#3 proffer reports 3538F (11/29/2022 report) and 3528G (1/11/2023 report). Agents interviewed Inmate #2 after advising Inmate #2 of his Miranda rights. In substance, Inmate #2 informed the agents that MARTINEZ had provided him these two reports several months earlier and had advised Inmate #2 not to trust CD3 because CD3 was cooperating with law enforcement. In addition to the copies recovered from Inmate #2's jail cell, Inmate #2 admitted to mailing copies of

the same reports to two individuals, one of whom was identified by name in the 11/29/2022 report (3538F).[3]

19. The government submits that because of defense counsel's role in providing protected materials to his client in violation of the Protective Order, a potential conflict of interest exists which would preclude him from continuing to represent MARTINEZ, who now faces potential additional penalties under the U.S.S.G. and 18 U.S.C. Section 3553(a) for his further dissemination of those protected materials.

**WHEREFORE**, it is respectfully requested that the Court grant the government's motion to schedule a status conference to address the potential attorney-client conflict and assign replacement counsel for LUIS MARTINEZ. The government further requests the Court grant the government's motion for an order requiring the defendant and his attorney to attest that no additional protected material has been disseminated, and to the extent additional material has been disseminated, for an order to return any additional protected material.

DATED:   July 5, 2023

                                s/EVAN K. GLABERSON
                                Assistant United States Attorney

---

[3] In early May 2023, law enforcement recovered the unredacted 11/29/2022 and 1/11/2023 reports during the execution of search warrants at a residence in Jamestown, NY. Additionally, during the investigation, law enforcement reviewed recorded jail calls during which MARTINEZ and Inmate #2 disseminated the identity of CD#3 and the substance of these same proffer reports.